UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Holmberg,                                           Civil No. 11-248 (DWF/LIB)

                    Plaintiff,

v.                                                        **MEMORANDUM**
                                                         **OPINION AND ORDER**

Stealth Cam, LLC,

                    Defendant.

_____

Carolyn H. B. Eckart, Esq., David R. Fairbairn, Esq., and Larrin Bergman, Esq., Kinney & Lange, PA, counsel for Plaintiff.

Alan G. Carlson, Esq. James R. Hietala, Jr., Esq., and Joseph W. Winkels, Esq., Carlson Caspers Vandenburgh & Lindquist; and Eric W. Buether, Esq., and Mark D. Perantie, Esq., Buether Joe & Carpenter, LLC, counsel for Defendant.

_____

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss brought by Defendant Stealth Cam, LLC ("Stealth Cam").  For the reasons stated on the record at the hearing on this matter, as well as the reasons set forth below, the Court grants Defendant's motion.

**BACKGROUND**

On February 1, 2011, U.S. Patent No. 7,880,793 (the "'793 Patent") entitled "Camera with Mounting Rail" was issued by the United States Patent and Trademark Office.  (Compl. ¶ 8, Ex. A.)  Plaintiff Larry Holmberg is the inventor and the owner of the entire right, title, and interest in the '793 Patent.  (*Id*. ¶¶ 8-9.)  Also on

February 1, 2011, Plaintiff filed this action asserting a single count for infringement of

the '793 Patent.  In support of that count, Plaintiff alleges that "[Defendant] has been and

is making, using, selling, offering for sale, and/or importing, without license or authority

from [Plaintiff], in this district and elsewhere in the United States, cameras that embody

the invention(s) claimed in the '793 patent under 35 U.S.C. § 271" and that "[u]pon

information and belief, [Defendant] will continue to directly infringe, contributorily

infringe, and/or induce infringement of the '793 patent unless enjoined by the Court."

(Compl. ¶¶ 10-11.)

Defendant moves to dismiss Plaintiff's Complaint arguing that it is not subject to

personal jurisdiction in Minnesota based on the allegations of patent infringement and

that Plaintiff's Complaint fails to state a claim for which relief can be granted.  Plaintiff

asserts that Defendant's motion should be denied in its entirety, but requests in the

alternative for leave to amend the Complaint.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

In addition, Rule 12(b) allows a court to dismiss a case where the court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). The law of the Federal Circuit applies when determining whether the Court can properly exercise personal jurisdiction over an out-of-state accused infringer. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). The Minnesota long-arm statute extends jurisdiction to the maximum limit consistent with due process, and therefore a court in Minnesota need

only evaluate whether the requirements of due process are satisfied. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

Federal due process requires that a defendant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotations omitted). The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is essential in each case that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). "[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011). However, the exercise of specific jurisdiction may be proper when a defendant "'purposefully avails itself of the privilege of conducting activities within'" a forum state and to the extent that the forum state exercises jurisdiction "'in a suit arising out of or related to the defendant's contacts with the forum.'" *Nicastro*, 131 S. Ct. at 2787-88

(quoting *Hanson*, 357 U.S. at 253 and *Helicopteros Nacionalies de Colombia, S.A.*, 466

U.S. at 414 n.8).  With respect to whether specific jurisdiction exists, the Federal Circuit

applies a three prong test:  (1) whether the defendant purposefully directed activities at

residents of the forum; (2) whether the claim arises out of or relates to those activities;

and (3) whether assertion of personal jurisdiction is reasonable and fair.  *Silent Drive,*

*Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003).

> Plaintiff asserts a claim for patent infringement under 35 U.S.C. § 271.  That

statute provides in part:

> (a) Except as otherwise provided in this title, whoever without authority
> makes, uses, offers to sell, or sells any patented invention, within the
> United States or imports into the United States any patented invention
> during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an
> infringer.

35 U.S.C. § 271(a)-(b).  The language of § 271(a) indicates that a patent holder may

maintain an action for infringement based on allegedly infringing activities during the

term of the patent.  35 U.S.C. § 271.  In addition, the general rule with respect to a claim

for inducement of infringement is that a claim under § 271(b) does not lie when acts of

alleged inducement occur before the patent existed.  *See, e.g.*, *National Presto Indus.,*

*Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996).

> Here, Plaintiff filed this lawsuit on the same day that the patent was issued.

Plaintiff, however, has not alleged that Defendant sold an accused device or otherwise

committed an act of infringement in Minnesota on that day.  Plaintiff simply alleges in

his Complaint that Defendant "has been making, using, selling, offering for sale, and/or

importing, without license or authority from [Plaintiff], in this district and elsewhere in

the United States, cameras that embody the invention(s) claimed in the '793 patent under

35 U.S.C. § 271" and that "[u]pon information and belief, [Defendant] will continue to

directly infringe, contributorily infringe, and/or induce infringement of the '793 patent

unless enjoined by the Court." (Compl. ¶¶ 10-11.) In response to Defendant's motion to

dismiss, Plaintiff submits evidence of purchases that Plaintiff made of Defendant's

products prior to the issuance of the '793 Patent. (Decl. of Larry Holmberg ("Holmberg

Decl.") ¶¶ 2-3, Exs. B-C.) Plaintiff further asserts that Defendant's allegedly infringing

products are stocked and offered for sale at retailers in Minnesota. (Holmberg Decl. ¶ 4,

Ex. D.)

As the Court explained on the record at the hearing on this matter, Plaintiff's

patent claims are not sufficiently pled and require more specificity to survive Defendant's

motion to dismiss. As the Court also explained, the Court grants Defendant's motion to

dismiss and stays that decision for forty-five (45) days, giving Plaintiff time to file an

amended complaint. If, after Plaintiff amends his Complaint, jurisdictional or pleading

issues remain, the Court will address those issues pursuant to a newly filed motion to

dismiss.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth

above, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Dismiss (Doc. No. [12]) is **GRANTED**.

2.      Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITHOUT**

**PREJUDICE.**

3.      This Order is Stayed for forty-five (45) days to allow Plaintiff to amend his

Complaint.  Should Plaintiff amend his Complaint within the prescribed time period, the

stay will be lifted and the Motion to Dismiss (Doc. No. [12]) will be denied without

prejudice to bring another motion to dismiss, if appropriate.


Dated:  August 4, 2011                          s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge