UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Holmberg,                            Civil No. 11-248 (DWF/LIB)

             Plaintiff,

v.                                              **ORDER**

Stealth Cam, LLC,

             Defendant.

---

Carolyn H. B. Eckart, Esq., Catherine Shultz, Esq., David R. Fairbairn, Esq., Jessica M. Alm, Esq, Katherine J. Rahlin, Esq., and Larrin Bergman, Esq., Kinney & Lange, PA, counsel for Plaintiff.

Alan G. Carlson, Esq., James R. Hietala, Jr., Esq., and Joseph W. Winkels, Esq., Carlson Caspers Vandenburgh & Lindquist; and Michael D. Ricketts, Esq., Monica Tavakoli, Esq., Eric W. Buether, Esq., and Mark D. Perantie, Esq., Buether Joe & Carpenter, LLC, counsel for Defendant.

---

This matter came before the Court for a pretrial hearing on November 4, 2014. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Motion *in Limine* (1) to exclude testimony, evidence, or argument premised on any opinion, assumption, or argument that the claims require "a camera to be directly attached to a weapon," (2) to exclude testimony, evidence, or argument presenting any new theory of noninfringement not present in Dr. Buckman's

expert report, and (3) to preclude Dr. Buckman from testifying on the issue of noninfringment (Doc. No. [132]) is **GRANTED**.

2.   Plaintiff's Motion *in Limine* (1) to clarify that claims 10, 13-15, and 17-18 of the '038 Patent and claims 1-9 and 20 of the '196 Patent do not require "a video camera capable of being mounted to a weapon for use in game hunting" and (2) to exclude any testimony, evidence, or argument premised on any opinion, assumption, or argument that claims 10, 13-15, and 17-18 of the '038 Patent and claims 1-9 and 20 of the '196 Patent include the limitation "a video camera capable of being mounted to a weapon for use in game hunting" (Doc. No. [137]) is **DENIED**.  The Court reiterates that Plaintiff emphasized, in both the patent specification and prosecution history, that the invention was limited to a video camera capable of being mounted to a weapon for use in game hunting and that the same prosecution history disclaimer appears in all of the asserted patents, including the '038 Patent and the '169 Patent.

3.   Plaintiff's Motion *in Limine* (1) to exclude presentation of any testimony, evidence, and argument relating to alleged indefiniteness to the jury and (2) to exclude jury instructions relating to the definiteness requirement (Doc. No. [140]) is **GRANTED** absent further order of the Court.

4.   Plaintiff's Motion *in Limine* to exclude evidence regarding Plaintiff's ownership of a Gentlemen's Club (Doc. No. [143]) is **GRANTED**.  However, if Plaintiff "opens the door" to evidence regarding Plaintiff's prior businesses, Stealth Cam will be permitted to submit evidence to demonstrate that the business was not related to the

inventions at issue in this case, but will not be permitted to discuss the specific nature or name of the Gentlemen's Club.

5.  Defendant's Consolidated Motions *in Limine* (Doc. No. 152) are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.  Defendant's request to preclude Plaintiff from arguing the issue of "willful infringement" to the jury is **DENIED**; however, Plaintiff will not be permitted to submit evidence pertaining to the settlement offers discussed in letters dated August 2, 2009 (Pl.'s Trial Ex. 26) and December 15, 2011 (Pl.'s Trial Ex. 29, HOL 001335-001341) or any default judgments absent further order of the Court;

   b.  Defendant's request to exclude undisclosed infringement arguments is **DENIED AS MOOT** as Plaintiff has represented that he will not rely on any Doctrine of Equivalents arguments at trial;

   c.  Defendant's request to preclude undisclosed witnesses is **GRANTED** absent further order of the Court and consistent with the Court's comments on the record at the hearing;

   d.  Defendant's request to exclude untimely expert opinions is **GRANTED**.  The Court does not consider Smith's October 17, 2014 Report a supplemental report and finds that it is untimely.  However, the Court **DENIES AS MOOT** Defendant's request to preclude any arguments as to the Doctrine of Equivalents, as Plaintiff has represented that he will not rely on any Doctrine of Equivalents arguments at trial;

e. Defendant's request to exclude evidence or argument related to Plaintiff's unasserted patents and unrelated litigation is **DENIED** to the extent that the evidence is relevant to the issue of damages and a reasonable royalty analysis;

f. Defendant's request to exclude undisclosed documents is **DENIED** subject to a proper foundation being established pursuant to Rule 104 and subject to satisfying the evidentiary parameters of Article 4;

g. Defendant's request to exclude evidence or argument related to the "Killshot" product line has been withdrawn by Defendant;

h. Defendant's request to exclude argument, evidence, or testimony that the invention of the asserted claims are defined by anything other than the language of the claims as construed by the Court is **GRANTED**; and

i. Defendant's request to exclude any evidence purporting to show any person, including Plaintiff's expert witnesses, shooting a bow, rifle, or any weapon with any of the accused products allegedly attached is **DENIED** subject to a proper foundation being established pursuant to Rule 104 and subject to satisfying the evidentiary parameters of Article 4.

Dated:  November 6, 2014         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge