UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Holmberg,                                          Civil No. 11-248 (DWF/LIB)

             Plaintiff,

v.                                                                         **ORDER**

Stealth Cam, LLC,

             Defendant.

Defendant Stealth Cam, LLC ("Stealth Cam") has requested that the Court reconsider its July 15, 2013 Memorandum Opinion and Order ("Claim Construction Order") (Doc. No. 87), insofar as the Court held that the term "extending parallel" was not indefinite. (Doc. No. 126.) Plaintiff Larry Holmberg ("Holmberg") opposes this request. (Doc. No. 127.)

Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Here, Stealth Cam points out that the Supreme Court issued a decision on June 2, 2014, in *Nautilus, Inc. v. BioSig Instruments, Inc.*, 134 S. Ct. 2120 (2014), holding that a patent's claims must, when viewed in light of the specification and prosecution history, "inform those skilled in the art about the scope of the invention with reasonable

certainty." *Nautilus, Inc.*, 134 S. Ct. at 2129. In light of the Supreme Court's decision, which Stealth Cam argues invokes a stricter standard for satisfying the definiteness requirement than had been used by the Federal Circuit, Stealth Cam asserts that the term "extending parallel" is indefinite. Thus, Stealth Cam requests that the Court either reconsider its ruling that the term "extending parallel" is not indefinite and find that the term is indefinite or, alternatively, allow the jury to determine the issue of definiteness. In response, Holmberg asks the Court to maintain its original claim construction of the term "extending parallel," asserting that the Court applied a standard that is in accordance with the ruling in *Nautilus*.

> In its Claim Construction Order, the Court explained:
>
> After a review of the claim language and intrinsic evidence, the Court concludes that a reasonable meaning of "extending parallel" can be ascertained, and that the term should be construed as "the mounting rail has a longitudinal axis parallel to the central axis of the housing/camera body and the primary (longitudinal) dimension of the mounting rail extends in the primary (longitudinal) direction as the housing/camera body."

(Doc. No. 87 at 24.) In determining that the term "extending parallel" was not indefinite, the Court found that a "reasonable meaning" of the term could be ascertained. The Court now concludes that the standard it applied in its Claims Construction Order is in accordance with the standard articulated in *Nautilus*. Therefore, the Court will maintain its original construction for "extending parallel" and denies Stealth Cam's request that the Court reconsider its Order.

Accordingly, **IT IS HEREBY ORDERED** that:

    1.       Stealth Cam's request for leave to file a motion for reconsideration (Doc. No. [126]) is **DENIED**.

Dated: November 6, 2014          <u>s/Donovan W. Frank</u>
                                          DONOVAN W. FRANK
                                          United States District Judge